**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| **RICHARD DANIELS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **NO. 1:12-CV-004 -WLS-TQL** |
| **VS.** | : | |
| | : | |
| **KEVIN SPROUL, et. al.,** | : | |
| | : | |
| **Defendants.** | : | |

## ORDER AND RECOMMENDATION

Plaintiff **RICHARD DANIELS**, a prisoner at the Georgia Diagnostic and Classification Prison in Jackson, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on Plaintiff's submissions, the Court finds that Plaintiff is presently unable to prepay any portion of the filing fee. Plaintiff's Motion to Proceed *in forma pauperis* is thus **GRANTED**.[1] Plaintiff is nonetheless required to pay the full amount of the $350.00 filing fee as directed in this Order and Recommendation. The Clerk shall thus send a copy of this Order to the business manager of the Georgia Diagnostic and Classification Prison.

The Court has now also conducted a review of Plaintiff's Complaint [Doc. 1], as required by 29 U.S.C. § 1915A(a), and finds that it would be premature to dismiss Plaintiff's Eighth Amendment claims against Defendants **Davis**, **Bridges**, and **Adams** without further factual development. It is **RECOMMENDED**, however, that the remaining claims and Defendants be **DISMISSED without prejudice**, pursuant to 28 U.S.C. §1915A(b)(1), for failure to state a claim.

---

[1]A review of court records on the U.S. District Web PACER Docket Report reveals that Plaintiff presently has no strikes for the purposes of 28 U.S.C. § 1915(g).

## STANDARD OF REVIEW

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. <u>See</u> 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the complaint as true. <u>Brown v. Johnson</u>, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and will be "liberally construed." <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998). A district court is nonetheless required to dismiss a prisoner complaint after the initial review if the court finds that the complaint (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b); <u>see also</u> 28 U.S.C. §1915(2)(B) (requiring the same of prisoners proceeding *in forma pauperis*).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-56 (2007). A complaint's "factual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u> In other words, the complaint must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." <u>Id.</u> "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. <u>Hale v. Tallapoosa County</u>, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. <u>See</u> <u>Chappell v. Rich</u>, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming

2

court's dismissal of a § 1983 complaint because factual allegations were insufficient to support alleged constitutional violation); see also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not meet standard in § 1915A "shall" be dismissed).

STATEMENT AND ANALYSIS OF CLAIMS

The present action arises out of an alleged assault on Plaintiff Richard Daniels at the Dougherty County Jail in Albany, Georgia.  Plaintiff alleges that, on August 5, 2011, Officer **Rajshaun Bridges** unlawfully restrained him, holding him down on the floor,  while Officer **Milton Davis** "beat" him "for no reason whatsoever."  When other officers arrived at the scene, Plaintiff was handcuffed and made to stand up.  At this point, Defendant **Corporal Adams** intervened and directed the officers to put Plaintiff "back on the floor."  They complied and "slammed Plaintiff onto the floor."  At some point thereafter, Plaintiff was escorted to "medical" and then taken to the "hole."  Plaintiff suffered a cut under his eye and a "bad  headache" as a result of the assault.

Plaintiff filed a grievance about the incident with Defendant **Kathy Parks**, but that grievance was denied.  Plaintiff then apparently appealed the denial of his grievance, and that was denied by Defendant **Major Hagger**.  At the same time, or shortly thereafter, Plaintiff attempted to speak with Defendants **Thomas Kendrick** and **Major Lewis** about the incident, but neither took any action against the officers involved.  Plaintiff also seeks to hold Dougherty County **Sheriff Kevin Sproul** and Investigator **Lance Montegard** responsible for alleged constitutional violations.  Sheriff Sproul apparently "knew" of the assault but did nothing to correct the wrong, and Defendant Montegard allegedly conducted a "faulty investigation" of the incident.

Plaintiff has thus presumably brought claims against Defendants for violations of the Eighth Amendment of the United States Constitution.  The Eighth Amendment clearly "prohibits the unnecessary and wanton infliction of pain, . . the infliction of pain totally without penological justification ..., [and] the infliction of punishment grossly disproportionate to the severity of the offense." Ort v. White, 813 F.2d 318, 321 (11th Cir. 1987) (citing Rhodes v. Chapman, 452 U.S. 337, 346 (1981)).  To state an Eighth Amendment claim in this context, a plaintiff must allege (1)

3

conduct by defendants that was objectively "harmful enough" to establish a constitutional violation and (2) that defendants "act[ed] with a sufficiently culpable state of mind," i.e., that they acted "maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7-8, 112 S. Ct. 995, 117 L. Ed.2d 156 (1992).  Inherent in the protection afforded by the Eighth Amendment, however, is the principle that "not 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" Id. at 9-10 ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights."). The objective component of an Eighth Amendment excessive force claim "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10.

From the injuries alleged in the Complaint, it appears as though the use of force in this case may have been *de minimis*.  Though not wholly determinative, the degree of injury suffered by a prisoner is a relevant factor when considering whether more than *de minimis* force was used by corrections officers. Id. at 10.  Plaintiff's minor injuries – cut eye and headache – suggest that the officers' conduct in this case may not rise to the level of a constitutional violation.  Nonetheless, the Court finds that further factual development is necessary before this determination may be made, as Plaintiff does clearly allege that he was "held" down and "beaten" "for no reason whatsoever." The Court will accordingly allow Plaintiff's Eighth Amendment claims against Defendants **Milton Davis**, **Rajshaun Bridges**, and **Corporal Adams** to go forward. See  Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) ("A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the prisoner can prove no set of facts in support of his claim which would entitle him to relief.").

However, Plaintiff does not state cognizable claims against the remaining Defendants. Plaintiff's claims against Defendants **Kathy Parks** and Defendant **Major Hagger** seem to arise solely out of their receipt and denial of Plaintiff's grievance.  The mere fact that a prison official denies a grievance is insufficient to impose liability under § 1983. See Larson v. Meek, 240 Fed. Appx. 777, 780 (10th Cir. 2007) (unpublished op.) (" . . . denial of the grievances alone is

4

insufficient to establish personal participation in the alleged constitutional violations."); accord Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (finding that prisoner failed to state a claim where he only alleged that defendants denied his administrative grievances and failed to remedy the unlawful behavior).   The fact Plaintiff informed Defendants **Corporal Thomas Kendrick** and **Major Lewis** of the incident after the fact is also an insufficient basis for imposing liability.  See id. (refusing to impose liability on supervisory official who merely failed to act based on information contained in the grievance); Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that commissioner could be held liable for damages based on receipt of a letter describing allegedly improper prison conditions).   The same is true for Plaintiff's claims against Sheriff **Kevin Sproul** and Investigator **Lance Montegard**.   Plaintiff cannot support a constitutional claim by merely alleging that these Defendants learned of the event and failed to take disciplinary action against the officers thereafter.   See Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that supervisory officials may not be held liable under § 1983 solely on a theory of *respondeat superior*); see also  e.g., Pride v. Danberg, 2009 WL 151535, * 3 (D. Del. Jan. 22, 2009) (" . . . any participation by Defendants in the after-the-fact review of [plaintiff's] complaints is not enough to establish personal involvement."); Ward v. Scribner, 2006 WL 1651697, *4 (E.D.Cal. June 12, 2006) ("Plaintiff's bare allegation indicating that [the] defendant . . . knew something had occurred is insufficient to impose liability . . . for use of excessive force . . . ."); Johnson v. Hinsley, 2010 WL 966651, * 5 (N.D. Ga. March 12, 2010) (citing Wright v. City of Ozark, 715 F.2d 1513, 1516 (11th Cir. 1983)) (" . . . the failure to investigate an accident/incident, without more, does not violate any constitutional rights. ").

According to the Complaint, Defendants Parks, Hagger, Kendrick, Lewis, Sproul, and Montegard only learned of the alleged constitutional violation after it occurred. The Complaint does not suggest that any of these Defendants knew that Plaintiff was at risk of danger before the attack or that they otherwise disregarded any known risk of danger to Plaintiff.   Plaintiff has likewise failed to allege that he suffered any injury as a result of these Defendants' actions or lack thereof. Thus ultimately, because Plaintiff alleges no direct responsibility or knowledge on the part of these

Defendants in regard to the alleged attack, he has not shown the causal connection necessary to hold these parties liable for any constitutional violation. <u>See</u> <u>Cottone</u>, 326 F.3d at 1360; <u>Johnson</u>, 2010 WL 966651 at * 5.

For these reasons, the Court concludes that only those claims against Defendants **Milton Davis**, **Rajshaun Bridges**, and **Corporal Adams** should be allowed to go forward, and it is **RECOMMENDED** that any claims against Defendants **Parks**, **Hagger**, **Kendrick**, **Lewis**, **Sproul**, and **Montegard** be **DISMISSED** without prejudice, under 28 U.S.C. §1915A(b)(1), for failure to state a claim. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order.

It is hereby **ORDERED** that service be made upon Defendants **Milton Davis**, **Rajshaun Bridges**, and **Corporal Adams** and that they file a **WAIVER OF REPLY**, an **ANSWER**, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of their duty to avoid unnecessary service expenses and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them

and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff.  The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.  The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

**IT IS HEREBY ORDERED** that discovery (including depositions and interrogatories) shall

7

be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county

wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

**IT IS FURTHER ORDERED AND DIRECTED** that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED**, this 21st day of February, 2012.

*s/THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

jlr

9