# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### ALBANY DIVISION

| | | |
|---|---|---|
| RICHARD DANIELS, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | CASE NO. 1:12-CV-4-WLS-MSH |
| | : | |
| KEVIN SPROUL, *et al.*, | : | |
| | : | |
| Defendants. | : | |

_____

## REPORT AND RECOMMENDATION

Presently pending before the Court is Defendants' motion for summary judgment (ECF No. 22).  Plaintiff has failed to respond as directed to the motion for summary judgment.  For the reasons explained below, Defendants' motion should be granted.

## BACKGROUND

On January 4, 2012, Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 claiming that several officers at Dougherty County Jail assaulted him.  After preliminary review, only Plaintiff's Eighth Amendment claims against Defendants Davis, Bridges, and Adams remain pending.  Specifically, Plaintiff claims that on August 5, 2011, Officer Rajshaun Bridges unlawfully restrained him, holding him down on the floor, while Officer Milton Davis "beat" him "for no reason whatsoever."  (Compl. 3-6.)  When other officers arrived at the scene, Plaintiff was handcuffed and made to stand up.  (Compl. 3.)  At this point, Defendant Corporal Adams intervened and directed the officers to put Plaintiff "back on the floor."  (*Id.*)  They complied and "slammed [Plaintiff] to the floor."  (*Id.*)  At some point thereafter, Plaintiff was escorted to medical and then taken to the

"hole." (*Id.*)  Plaintiff suffered a cut under his eye and a "bad headache" as a result of the assault. (*Id.*)  Plaintiff seeks punitive damages for "mental anguish and physical stress," the "pain" that he and his family are suffering, and for the "mental state of [his] mind since the [incident]." (Compl. 5.)

The Court previously construed these contentions as claims seeking relief under 42 U.S.C. § 1983 for a violation of the Eighth Amendment prohibitions against cruel and unusual punishment and excessive force. (Order & Recommendation 3-4, Feb. 21, 2012, ECF No. 11.)  Defendants filed a motion for summary judgment (ECF No. 22) on September 24, 2012.  Plaintiff was ordered to respond to the motion for summary judgment on September 25, 2012 (ECF No. 23), but has failed to respond.  This motion is now ripe for review.

## DISCUSSION

## I.    Standard of Review

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248.  A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

2

Additionally, the Middle District of Georgia, under Local Rule 56, requires movants to attach to their motion for summary judgment a "separate and concise statement of the material facts to which the movant contends there is no genuine issue to be tried."  The non-movant must then respond "to each of the movant's numbered material facts[, and] [a]ll material facts contained in the moving party's statement which are not specifically controverted by specific citation to the record shall be deemed to have been admitted, unless otherwise inappropriate."  M.D. Ga. Local R. 56.

## II.    Motion for Summary Judgment

Defendants contend that summary judgment should be granted in this case for three reasons.  First, Defendants contend that Plaintiff's injury is *de minimis* such that he cannot maintain an action for mental or emotional injury.  Second, Defendants claim that they are entitled to Eleventh Amendment immunity in their official capacities.  Third, Defendants argue that they are entitled to qualified immunity.  For the reasons explained below, Defendants' motion should be granted because Defendants are entitled to Eleventh Amendment immunity in their official capacities and because they are entitled to qualified immunity in their individual capacities.

### A.    42 U.S.C. § 1997e(e)

Section 1997e(e) of Title 42 of the United States Code states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  "In order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that

3

are greater than de minimis." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312-13 (11th Cir. 2002).   While such a physical injury "must be more than de minimis, [it] need not be significant." *Harris v. Garner*, 190 F.3d 1279, 1286 (11 Cir. 1999), *vacated in part on other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc).

The Court is hesitant to find that a cut on the eye, headaches, and redness on the chest, in total, constitutes merely a *de minimis* injury.   Although the Court recognizes that the medical records state that Plaintiff denies pain at the time he was seen by medical staff (Montgerard Aff. Ex. B at 1, Sept. 20, 2012, ECF No. 22-7), this in and of itself is not enough to show that the injury is *de minimis*.   Consequently, it is recommended that summary judgment be denied based on 42 U.S.C. § 1997e(e).[1]

B.      Eleventh Amendment Immunity

Second, Defendants contend that they are entitled to summary judgment in their official capacities because they are immune from suit pursuant to the Eleventh Amendment.   The Plaintiff does not specifically state whether he is suing Defendants in their individual or official capacities.   However, to the extent that Plaintiff may be attempting to sue Defendants in their official capacities, the Court agrees that they are entitled to Eleventh Amendment immunity.

---

[1] This inquiry can easily be confused with the question of whether the officers used *de minimis* force such that no constitutional violation occurred.   If the force is *de minimis*, then no constitutional violation has occurred and the officers are entitled to qualified immunity.   *See Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) ("The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force[.]").   "*[D]e minimis* injuries do not necessarily establish *de minimis* force." *Smith v. Mensinger*, 293 F.3d 641, 649 (3d Cir. 2002).

Plaintiff's remaining claims are asserted against three sheriff's deputies for violations of the Eighth Amendment. "Georgia sheriffs and their deputies are entitled to official immunity under the Eleventh Amendment to the Constitution for claims arising from their use of force policies in the operation of county jails." *Mladek v. Day*, 293 F. Supp. 2d 1297, 1304 (M.D. Ga. 2003) (internal quotation marks and citation omitted); *see also Manders v. Lee*, 338 F.3d 1304, 1308-12, 1315-18, 1328-29 (11th Cir. 2003). The "authority and duty [of the sheriff] to administer the jail in his jurisdiction flows from the State, not the County." *Purcell ex rel Estate of Morgan, v. Toombs Cnty., Ga.*, 400 F.3d 1313, 1325 (11th Cir. 2005) (internal quotation marks and citation omitted). Therefore, even assuming a constitutional violation is established, Eleventh Amendment immunity bars suit as a threshold matter. *Id.* Additionally, neither sheriffs nor their deputies and jailers, as state officials acting in their official capacities, are considered "persons" for purposes of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Since § 1983 requires that a "person" deprive a plaintiff of his constitutional rights, the lack of a "person" in this case establishes an independent ground for dismissal of Plaintiff's claims. *Id.* Defendants are thus entitled to summary judgment against the Plaintiff for claims made against them in their official capacities.

C.    Qualified Immunity

Defendants likewise contend that they are entitled to summary judgment in their individual capacities because they are entitled to qualified immunity. "Qualified immunity protects government officials performing discretionary duties from suits in their individual capacities unless their conduct violates clearly established statutory or

5

constitutional rights of which a reasonable person would have known." *Anderson v. City of Naples*, 501 F. App'x 910, 915-16 (11th Cir. 2012) (internal quotation marks and citation omitted). "The purpose of qualified immunity is to allow officials to carry out discretionary duties without the chilling fear of personal liability or harrassive litigation, protecting from suit all but the plainly incompetent or one who is knowingly violationg federal law." *McCullough v. Antolini*, 559 F.3d 1201, 1205 (11th Cir. 2009)(internal quotation marks and citation omitted).

"In order to receive qualified immunity, an official must first establish that he was acting within the scope of his discretionary authority when the alleged wrongful acts occurred." *Id.* Once the defendant shows that he was acting within his discretionary authority, the burden then shifts to the plaintiff to establish that qualified immunity does not apply. *Cottone v. Jenne*, 326 F.3d 1352, 1358 (11th Cir. 2004). In this case, it is undisputed that Defendants Davis, Bridges, and Adams were acting within the scope of their discretionary authority as sheriff's officers by administering the jail when the events in question took place. *See* O.C.G.A. § 42-4-4 (discussing duties of sheriff). Because that determination is made, the burden then shifts to Plaintiff to show that the Defendants are not entitled to qualified immunity.

"To overcome an official's claim of qualified immunity, the plaintiff must show that: (1) the official violated a constitutional right; and (2) that right was clearly established at the time of the alleged violation." *Anderson*, 501 F. App'x at 916 (citation

omitted).[2]  Whether an Eighth Amendment constitutional violation occurred "ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline[,] or [whether force was applied] maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (internal quotation marks and citation omitted).  In order to determine if force was used "maliciously and sadistically to cause harm," the Court looks to: "(1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them."  *Campbell v. Sikes*, 169 F.3d 1353, 1375 (11th Cir. 1999) (internal quotation marks and citation omitted).  Additionally, Plaintiff must show that "a requisite amount of force was used against him." *Smith v. Vavoulis*, 373 F. App'x 965, 966 (11th Cir. 2010).  In other words, the use of force must be more than *de minimis.  Id.*

　　Here, Plaintiff contends that the actions of Defendants amounted to excessive force in violation of his Eighth Amendment rights.  Specifically, Plaintiff alleges that Defendant Davis "willingly assaulted [him]" while Defendant Bridges "held [him] down." (Compl. 3.)  He further alleges that Defendant Davis continued to "assault" him until Defendant Adams came in and told the officers to "put [him] back on the floor." (*Id.*)  Plaintiff then says that an "officer" put him in handcuffs and "slam[m]ed [him] to

---

[2] Courts should use their discretion in determining which prong of the qualified immunity inquiry to address first. *McCullough*, 559 F.3d at 1205.

the floor." (*Id.*)  Plaintiff does not specify how he was "assaulted" or which officer allegedly threw him on the floor.

In response to these allegations, Defendants have provided affidavits that show that on the night the incident occurred, Plaintiff Daniels was instructed to remain in his cell but came out during the evening meal time.  (Davis Aff. ¶ 4, Sept. 20, 2012, ECF No. 22-3.)  Plaintiff then threatened to hit Defendant Davis and generally threatened other inmates.  (*Id.* ¶¶ 5-6.)  Defendant Davis then radioed his supervisor, Defendant Bridges regarding the situation.  (*Id.* ¶ 7.)  Plaintiff proceeded to walk "up to the food cart and grabbed the juice cooler off the cart." (*Id.* ¶ 8.)  Plaintiff did not put the cooler down as instructed, so Defendant Davis took it from him.  (*Id.* ¶¶ 9-10.)  In response, Plaintiff threw a cup of tea at Defendant Davis, ran up to Defendant Davis, and hit him with a "closed fist" on the right side of his face. (*Id.* ¶¶ 10-11.)

Defendant Davis then "took Plaintiff to the floor by grabbing the left shoulder of his uniform and the seat of his pants." (Davis Aff. ¶ 13.)  Plaintiff continued to struggle and another officer radioed for assistance.  Defendant Bridges and other officers responded to the call.  (*Id.* ¶¶ 15-16; Bridges Aff. ¶¶ 7-8, Sept. 24, 2012, ECF No. 22-6.)  Officer Collier placed handcuffs on Plaintiff and a different officer escorted Plaintiff to the medical unit.  (Davis Aff. ¶ 17; Bridges Aff. ¶ 9.)  Defendant Adams then took Defendant Davis to check on him and take pictures of the bruising on his face.  (Davis Aff. ¶ 18; Bridges Aff. ¶ 10; Adams Aff. ¶¶ 5-7, Sept. 20, 2012, ECF No. 22-5.)  Defendant Davis avers that "[a]t no time did [he] strike Plaintiff in the head with a closed fist or attempt to harm him[.]" (Davis Aff. ¶ 23.)  The evidence further indicates that

neither Defendant Bridges nor Defendant Adams ever touched Plaintiff.  (Adams Aff. ¶ 8; Bridges Aff. ¶ 13.)   After the incident, Plaintiff was charged with riot in a penal institution and felony obstruction of an officer.  (Montgerard Aff. ¶ 6, Sept. 20, 2012, ECF No. 22-7.)

Plaintiff has not responded to Defendants' motion for summary judgment with any rebuttal evidence.  Although in reviewing a motion for summary judgment the Court takes the evidence in the light most favorable to the non-moving party, the non-moving party may not merely rest on his allegations when evidence is presented that firmly rebuts those allegations.   "The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion [] and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012) (internal quotation marks and citations omitted) (alterations in original). "The burden then shifts to the non-moving party to rebut that showing by producing affidavits or other relevant and admissible evidence beyond the pleadings."  *Id.*  (internal quotation marks and citations omitted).  "The nonmoving party does not satisfy its burden if the rebuttal evidence is merely colorable, or is not significantly probative of a disputed fact." *Id.* (internal quotation marks and citations omitted).  Consequently, since Plaintiff has failed to present any evidence at all, the Court considers Defendants' evidence as being admitted.  *See* M.D. Ga. Local R. 56.

The evidence in this case shows that no constitutional violation has occurred and

Defendants are entitled to qualified immunity.  Defendants Bridges and Adams exerted no force against Plaintiff, so they cannot be held liable for a violation of the Eighth Amendment.  Furthermore, the evidence shows that Defendant Davis used force against Plaintiff, but only such force as was necessary to maintain order at the jail.  The evidence further shows a lack of a malicious or sadistic intend on the part of Defendant Davis.  *See Hudson*, 503 U.S. at 6 (1992).  Since no constitutional violation occurred, Defendants are entitled to qualified immunity.  *See Anderson*, 501 F. App'x at 916.  Defendants' motion for summary judgment should therefore be granted.

## CONCLUSION

For the reasons explained above, Defendants' motion for summary judgment (ECF No. 22) should be granted.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 3rd day of June, 2013.

S/ STEPHEN HYLES_____
UNTED STATES MAGISTRATE JUDGE

10